The State *v.* Cunningham.

Filed Nov. 27, 1888.

———————◆———————

No. 14,360.

THE STATE *v.* CUNNINGHAM.

PERJURY.—*Judicial Proceeding.—Materiality of Matters Testified to.*—An indictment for perjury committed in a judicial proceeding must show the materiality of the matters testified to, either by a general averment or by setting out the facts.

SAME.—*Proceedings Supplementary to Execution.—Examination of Debtor.*—The inquiry in proceedings supplementary to execution taken under section 815, R. S. 1881, is confined to property owned by the debtor in the county at the time of his examination, and perjury can not be predicated upon his testimony as to what he had previously owned.

SAME.—*Indictment.*—An indictment for perjury charging that the defendant, contrary to his testimony, owned valuable property at the time of his examination in proceedings supplementary to execution, is bad if it fails to state that the property, or a part of it, was subject to execution in the county in which he resided.

From the St. Joseph Circuit Court.

*A. L. Brick,* Prosecuting Attorney, and *L. Hubbard,* for the State.

*M. Nye, C. W. Wiley* and *H. R. Robbins,* for appellee.

NIBLACK, J.—On the 12th day of January, 1885, the Household Sewing Machine Company recovered a judgment in the St. Joseph Circuit Court against Andrew Cunningham, the appellee herein, for the sum of $198 and costs of suit. Cunningham was at the time, and has since continued to be, a resident of St. Joseph county. An execution was thereafter issued on such judgment and delivered to the sheriff of said county of St. Joseph, who, on the 13th day of July, 1885, returned the same wholly unsatisfied. Afterwards the sewing machine company filed its petition in the office of the clerk of the St. Joseph Circuit Court, alleging, among other things, that Cunningham was the owner, and in the possession of, a large amount of personal property, amounting in value to the sum of $20,000, which he fraudulently concealed so that execution could not be levied upon any part of it ; that he was likewise the owner of ten thousand dollars in money which could not be reached by an ordinary writ of execution ; that he, the said Cunningham, had wrongfully and fraudulently refused to apply any of the property or money so owned by him to the satisfaction of the judgment rendered against him as above. The petition therefore prayed that an order might be issued requiring him, the said Cunningham, to appear before the judge of the St. Joseph Circuit Court and answer concerning his property within the county of St. Joseph, and an order was issued accordingly. As required by this order, Cunningham appeared before the said judge of the St. Joseph Circuit Court, at the court-house in St. Joseph county, on the 25th day of January, 1886, and, first being duly sworn to tell the truth, the whole truth and nothing but the truth concerning the matters then pending before such judge, testified that he was the owner of no property ; that he had not had any personal property for more than a year ; that by personal property he meant everything except real estate ; that he had received the sum of $1,390 in money during the summer of 1885, which he had used to pay debts, but that he did not remem-

ber what had been done with the money, and did not remember a single debt he had paid with it; that he had some worthless notes, but had no other kind; that no other person had any notes for him, except some he had turned over to secure some parties ; that he did not own a dollar, and did not on the 21st day of April, 1885; that all the money which had been secured to him by chattel mortgages was gone.

The grand jury of St. Joseph county thereupon returned an indictment against Cunningham charging that he was then and there, as he well knew, the owner of property of more than the value of $2,000; that there were then and there solvent and collectible debts due him of the value of over $2,000 ; that during the year prior to such examination he had had personal property of the value of over $5,000 ; that he had had notes and accounts due him from divers persons, which were solvent and collectible, of the value of over $5,000 ; that he had had money and cash to the amount of over $1,000 ; that he did then and there remember what he had done with the sum of $1,300 he had received during the summer of the year 1885 ; that he did have other notes than worthless ones ; that he had good collectible notes on solvent persons to an amount exceeding $1,000; that he did then and there have notes in the hands of other persons for him to an amount greater than $1,000, which had not been turned over to them to secure certain parties; that he did, on the 21st day of April, 1885, own property, to wit, notes, accounts, debts and judgments due to him of the value of more than $1,000 ; that he did, on said 21st day of April, 1885, have money and cash to an amount exceeding $600 ; that he did then and there have money, the proceeds of debts secured by chattel mortgage ; that during the year prior to such examination he had had, as he well knew, property in said county of St. Joseph of the value and to the amount of $7,000 ; that at the time of such examination he had property of the value and to the amount of $2,000, as he also

well knew; that his, the said Cunningham's, statements, thus made under oath, were wilfully and corruptly false, and that by reason thereof he was guilty of perjury.

A motion to quash the indictment thus returned against Cunningham was sustained, and he was discharged, and this appeal is prosecuted upon the assumption that the circuit court erred in so quashing the indictment.

There is no rule in criminal pleading more firmly established than that which, in a prosecution for perjury committed in a judicial proceeding, requires the indictment to allege the materiality of the matters testified to, having reference to the essential character of the proceeding then pending before, or under consideration by, the court. 2 Bishop Crim. Procedure, section 921; Gillett Criminal Law, section 692.

This may be shown either by a general averment of materiality, or by setting out the facts testified to, from which their materiality is, as a matter of law, made apparent, the former being the more usual and practical method.

The assignment in the indictment of perjury upon the facts testified to by the defendant, must fully negative such facts, stating with reasonable certainty and directness the particular respects in which the testimony given was false, and not by way of implication. In doing this some amplification is often necessary. 2 Bishop Crim. Proc., sections 918, 919.

From the allegations of the indictment in this case it must be inferred that the proceedings supplemental to execution, in which Cunningham was charged with having sworn falsely, were taken under section 815, R. S. 1881, which confined the inquiry as to the property held and owned by him in St. Joseph county at the time of his examination. This construction is in accordance with the allegations of the petition, and the very nature of the proceeding as illustrated by section 821, R. S. 1881.

As to what property, money or choses in action he may

have previously owned was quite immaterial, except in so far as it may have tended to show that such property, money or choses in action still belonged to him, or to afford a means of tracing it into the hands of others in connection with other evidence of a more direct and pertinent character. Standing by itself, as is the case before us, the inquiry was too remote and collateral to be material.

As has been seen, Cunningham's examination was mainly as to property, money and choses in action which had previously belonged to him, and had reference to different periods of time.

The first averment of the indictment assigning perjury, to the effect that he was *then* and *there* the owner of property of more than the value of $2,000 was, consequently, quite indefinite as to the time which the grand jurors probably had in their minds, and hence too uncertain to constitute a good assignment of perjury. The same objection applies to the second and other assignments contained in the indictment.

For the reasons already given, those assignments which merely negative statements made by Cunningham concerning his property, or destitution of property, previous to the time of his examination, presented immaterial issues, and were, therefore, insufficient.

The last assignment, which charged that Cunningham had, at the time of his examination, property of the value and to the amount of $2,000, was also insufficient for its failure to state that such property, or some part of it, was subject to execution within the county of St. Joseph. *Fowler* v. *Griffin,* 83 Ind. 297 ; *Dillman* v. *Dillman,* 90 Ind. 585 ; *Wallace* v. *Lawyer,* 91 Ind. 128 ; *Cushman* v. *Gephart,* 97 Ind. 46.

It follows that the circuit court did not err in quashing the indictment.

The judgment is affirmed.

Filed Nov. 27, 1888.