THE STATE v. SUTTON.

[No. 17,607.   Filed March 9, 1897.]

CRIMINAL LAW.—*Perjury.*—*Indictment.*—An indictment for perjury must contain either the general allegation that the testimony claimed to have been false was given in relation to a matter material to the point in question or the particular facts showing such materiality. *p, 161.*

SAME.—*Perjury.*—*Indictment.*—A general allegation in an indictment for perjury that defendant testified willfully, corruptly, and falsely touching a matter material to a point in question on the trial, is sufficient unless the particular facts stated show that such point was not material under section 2093, Burns' R. S. 1894, providing that whoever shall swear willfully, corruptly, and falsely touching a matter material to the point in question shall be deemed guilty of perjury. *pp. 159–164.*

SAME.—*Perjury.*—*Indictment.*—A general allegation in an indictment for perjury, that the defendant swore falsely concerning a material point at issue on the trial of a certain cause, is not negatived by a specific allegation that the matter in regard to which defendant testified falsely, was that he worked three years at a certain livery stable, the purpose of the testimony being to show that defendant was competent to testify as an expert as to the value of a horse. *p. 165.*

From the Montgomery Circuit Court.   *Reversed.*

*W. A. Ketcham*, Attorney-General, *Merrill Moores*, and *Dumont Kennedy*, for State.

*Benj. Crane* and *A. B. Anderson*, for appellee.

HOWARD, J.—The appellee was indicted for perjury, and on his motion the indictment was quashed. It is claimed by the State that this ruling was erroneous.

It appears from the indictment that the appellee had been a witness in an action brought by one Mc-Broom against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company for damages alleged to

have been sustained by the killing of McBroom's colt. A material issue in said action was the value of the colt, and appellee gave evidence as to such value.

The evidence alleged to be false had reference to the competency of the appellee as an expert witness. He had testified, "that he had been in the business of attending to and raising horses for fifteen years, and that the colt  *   *   *  was of the value of fifty dollars at the time it was killed." And in this connection the indictment alleges, "that the question as to whether said Sutton had ever worked at a livery stable kept and owned by one Pritchard, in Covington, Fountain county, Indiana, became and was one of the material points at issue in the trial of said cause, and that the question as to whether said Sutton had ever worked at a livery stable in said Covington, Fountain county, Indiana, became and was one of the material points at issue in the trial of said cause."

The charge of perjury is then made against appellee in these words, that: "He feloniously, willfully, falsely, and corruptly testified, deposed and swore that he had worked three years at a livery stable kept and owned by one Pritchard, in Covington, Fountain county, Indiana, whereas in truth and in fact, as said Sutton then and there well knew, he had never worked for one Pritchard in said Covington, nor in his livery stable, nor was there such a person as Pritchard who kept or owned a livery stable in said Covington at the time said Sutton swore and testified, as aforesaid, that he worked at said livery stable."

The appellee has filed no brief; but we learn from the brief of the prosecuting attorney, that, "The objection, and the only objection made in the court below to the sufficiency of the indictment, was that the special averments of the indictment show that the false testimony of the appellee did not touch a matter

material to the point in question in the trial of the cause in which the false testimony was given. It was contended by counsel for the appellee that there were only two questions in the damage case in which the appellee gave the false testimony, one of which was as to the liability of the company for the killing of the colt, and the other was as to the value of the colt."

It is provided, in section 1816, Burns' R. S. 1894 (1747, R. S. 1881), that, "In an indictment or information for perjury or subornation of perjury, it shall only be necessary to set forth the substance of the controversy or the matter in respect to which the crime was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with the proper averments to falsify the matter whereof the perjury may be assigned, without setting forth any part of any record or proceeding or the commission or authority of the court or other authority before which the perjury was committed."

And, in section 2093, Burns' R. S. 1894 (2006, R. S. 1881), is found this provision: "Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm willfully, corruptly, and falsely touching a matter material to the point in question, shall be deemed guilty of perjury."

Under the foregoing provisions of the statute, we are of opinion that the indictment was good. It was charged that "the question as to whether said Sutton had ever worked at a livery stable kept and owned by one Pritchard, in Covington, Fountain county, Indiana, became and was one of the material points at issue in the trial of said cause." And it was touching this question that the appellee was alleged to have

testified falsely. It may be, as the appellee is said to have claimed, that the special averments of the indictment do not show the materiality of the false testimony; but the general allegation is made that the question as to which that testimony was given "was one of the material points at issue in the trial." That must be sufficient; it is, in substance, the language of the statute.

An indictment or affidavit and information for perjury must, of course, contain either the general allegation that the testimony claimed to have been false was given in relation to "a matter material to the point in question," or else the particular facts showing such materiality must be stated. Either will be sufficient, but one or the other is necessary.

In *State* v. *Cunningham*, 116 Ind. 209, the court, citing 2 Bish. Crim. Proced., section 921, and Gillett, Crim. Law, section 692, said that the materiality of the matters testified to "may be shown either by a general averment of materiality, or by setting out the facts testified to, from which their materiality is, as a matter of law, made apparent, the former being the more usual and practical method."

So it was said by Ray, J., in *State* v. *Flagg*, 25 Ind. 243, citing *State* v. *Hall*, 7 Blackf. 25, and *State* v. *Johnson*, 7 Blackf. 49, that "the materiality of the allegations must be shown either upon the face of the indictment, or expressly averred." And in *State* v. *Flagg*, 27 Ind. 24, the same judge writing the opinion, the court said: "The averment of materiality not being sufficient, the indictment cannot be sustained, unless the facts stated in the affidavit, themselves show their materiality to the question." It was there held that the indictment was good; for although the general allegation as to materiality was found to be in-

sufficient, yet it appeared that the facts stated disclosed the materiality of the testimony. See, also, *State* v. *Anderson*, 103 Ind. 170, where the subject is fully discussed by Zollars, J., and where there being no general allegation as to materiality, it was held that the indictment was bad, for that reason, and because the facts stated did not sufficiently show the materiality of the false testimony.

"The facts constituting the offense," as said in 18 Am. and Eng. Ency. Law, 313, citing cases where the particular facts were not sufficiently alleged, "must be averred directly, positively, and with certainty, not by way of inference or argument; and should be set forth with such particularity and certainty as to give the accused reasonable notice of what he is to defend himself against."

In case both the general allegation of materiality and also the particular statement of facts are found in the indictment, then the general allegation will be sufficient, unless the particular facts stated show that the matter testified to was, in fact, not "material to the point in question." *State* v. *Schultz*, 57 Ind. 19; *Stefani* v. *State*, 124 Ind. 3.

While, therefore, the general allegation, that the defendant swore falsely "touching a matter material to the point in question," is sufficient to make the indictment good in this respect; yet, such general allegation is not essential, providing only the facts stated show the materiality of the testimony alleged to have been false. *Hendricks* v. *State*, 26 Ind. 493; *Galloway* v. *State*, 29 Ind. 442; *State* v. *Reynolds*, 108 Ind. 353; *State* v. *Cunningham*, 116 Ind. 209; *Burk* v. *State*, 81 Ind. 128.

From a superficial examination of the case last cited it might seem that the court there held that a general allegation of materiality alone is not sufficient. It

was claimed, in that case, that there was "no allegation that the testimony given by defendant was material to the issue or point in question;" and in answer to this claim, the court said: "It was not necessary that the indictment should allege, in express terms, that the testimony given was material to the point in question." By this, we do not understand the court to have held that the general allegation, if made, would not have been sufficient; but only that, as the particular facts constituting the offense were stated, and as it appeared from such facts that the testimony was, in fact, "touching a matter material to the point in question," that was sufficient. Anything further was not necessary to the decision of the case.

While it is true that we may readily apprehend, from the face of the indictment, in the case at bar, that, in the action for damages, the liability of the company and the value of the colt were the chief issues before the court, yet we may also perceive that the ability of the appellee to testify as an expert, as well as his credibility as a witness, must likewise have been material to the correct decision of that case. As to his ability as an expert, he testified "that he had been in the business of attending to and raising horses for fifteen years." It is not denied that this statement was correct, and its materiality is apparent. The materiality of the statement as to whether "he had worked three years at a livery stable kept and owned by one Pritchard in Covington," does not, however, seem so evident. His expert knowledge might have been acquired elsewhere. It may be admitted, therefore, that the indictment, in this respect, would be insufficient, were it not for the general allegation that the matter concerning which this testimony was given was material. The case is not unlike that as to the allegation of negligence in a complaint on tort. There,

the general allegation is sufficient, unless particular facts are stated which show that the general allegation cannot be correct. The *Toledo, etc., R. R. Co.* v. *Wingate*, 143 Ind. 125, 58 Am. and Eng. R. R. Cas. 232, 3 Am. Neg. Cas. 300.

But while the facts stated would not, of themselves, perhaps, be sufficient to show their own materiality; yet it is easy to understand that the testimony alleged to have been false might have been material. The question as to whether appellee had worked for a man in Covington named Pritchard, may have been asked with the object of testing the truth of the statement that he had fifteen years' experience in raising and caring for horses.

In *The Queen* v. *Baker*, 1 L. R. (1895), Q. B. 797, 9 Am. Crim. Rep. 421, and note, the decision, as given by the Chief Justice, Lord Russell, of Killowen, was that, "All false statements willfully and corruptly made by a witness, as to matters which affect his credit, are material, and he is liable to be convicted of perjury in respect of such statements."

Were the question thus asked on cross-examination, or even on direct examination, and the credibility or want of credibility of the witness thereby disclosed, that would be material; for whatever went to his credibility might affect the weight of his evidence, and so influence the verdict of the jury.

In *United States* v. *Landsberg*, 23 Fed. 585, 4 Am. Crim. Rep. 474, cited by the State, a witness, on cross-examination, had testified, contrary to the truth, "that he had not been in prison in this or any other state." The false matter was held to be material, citing the common law rule from Archb. Crim. Pl. and Proc. (Eng. Ed.), 817, that "every question in cross-examination, which goes to the witness' credit is material

for this purpose." See, also, *State* v. *Hunt*, 137 Ind. 537, and authorities cited at page 547.

While, therefore, it does not appear that the evidence alleged to be false in the case at bar was directly material as to any issue before the court, yet it does not appear that such evidence might not have been material for the purposes of the trial. In this sense, if the evidence tended even circumstantially to the proof of the issue, it would be material, although not of itself sufficient to maintain such issue. "All questions," as said in 18 Am. and Eng. Ency. of Law, 311, "put to a witness on cross-examination for the purpose of testing his credit may be deemed material, whether they have a tendency to prove the issue or not."

As, therefore, it appears by a general allegation in the indictment that the appellee testified willfully, corruptly, and falsely touching a matter material to a point in question on the trial, and as the particular facts stated do not negative such general allegation, it follows that the court erred in quashing the indictment.

The judgment is reversed at the cost of the appellee, with instructions to overrule the motion to quash, and for further proceedings not inconsistent with this opinion.