State *v.* Barnett.

---

## THE STATE *v.* BARNETT.

[No. 19,714.   Filed November 25, 1902.]

CRIMINAL LAW — *Purchasing Labeled Bottles.* — *Trade-Mark.* — *Indictment.* — An indictment charging defendant with purchasing sodawater and mineral-water bottles with the intent to defraud the owner in violation of §8680b Burns 1901, must allege facts showing that the owner of the bottles, before the purchase, had fully complied with all of the requirements of §8678 Burns 1901, relative to procuring a trade-mark thereon. *pp. 433–436.*

CRIMINAL LAW.—*Purchasing Labeled Bottles.—Indictment.—Words and Phrases.* —An indictment charging defendant with purchasing labeled bottles with intent to defraud the owner, in violation of §8680b Burns 1901, which charged that the offense was committed on the day the indictment was returned, and alleged that the owner of the bottles "then and there and theretofore" filed with the clerk a written description, etc., and the clerk "then and there" caused a certified copy of such description to be published for not less than two weeks, etc., is insufficient, since the words "then and there" imply that the act of compliance with the statute was done on the same day the offense was committed, and the publication for two successive weeks could not have been made before the offense charged was committed; and the words "then and there and theretofore" are contradictory, and leave the time of such filing uncertain. *pp. 436, 437.*

APPEAL AND ERROR.—*Constitutionality of Statute.*—Where an indictment was properly quashed for reasons other than that the statute on which it was based was unconstitutional, the question of the constitutionality of the statute is not presented on appeal within the meaning of §1337h Burns 1901. *p. 438.*

From Marion Criminal Court; *Fremont Alford,* Judge.

Moses Barnett was indicted for purchasing labeled bottles with intent to defraud the owner. From a judgment quashing the indictment the State appeals. *Appeal dismissed.*

*W. L. Taylor,* Attorney-General, *J. C. Ruckelshaus, J. B. Kealing, M. M. Hugg, W. W. Woollen* and *Evans Woollen,* for State.

*W. N. Harding, A. R. Hovey* and *C. S. Wiltsie,* for appellee.

MONKS, J.—Appellee was indicted for having "bought 500 soda-water and mineral-water bottles, the property of one Patrick W. Ward, with the intent then and there and thereby to defraud the owner" of said bottles, in violation of §5, Acts 1897, p. 316, §8680b Burns 1901. On motion of appellee the indictment was quashed and he was discharged from custody. The State claims that the court sustained said motion to quash on the ground that said

section, and the act of which it forms a part, were unconstitutional and void.

This appeal was taken under §8 of the act of 1901 (Acts 1901, p. 566, §1337h Burns 1901), for the purpose of presenting the question of the constitutionality of said act of 1897, *supra.*

Section 5 of said act of 1897, §8680b Burns 1901, provides that, "It is hereby. declared to be unlawful hereafter for any person or persons, company, firm, corporation, or association, without the written consent of the owner or owners thereof, to fill or cause to be filled with mineral water either natural or artificial, cider, beer, ale, ginger pop, soda water, distilled water, ginger ale, seltzer water, or other beverages described in §1 of this act, any bottle or bottles or siphons belonging to or owned by any person, company, firm, corporation or association that has complied with the provisions of §1 of this act; or to sell, cause to be sold ; disposed of or caused to be disposed [of] ; buy or cause to be bought, with the intent to defraud the owner or owners of such bottle, bottles or siphons; traffic in or cause to be trafficked in, or to wantonly destroy or cause to be wantonly destroyed, any bottle or bottles or siphons mentioned and described in and protected by §1 of this act, not purchased from the owner or owners thereof, after the owner or owners thereof have complied with the provisions of §1 of this act; and every person or persons, firm, corporation or association that shall violate any provision of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined a sum of $1 for every bottle or siphon so filled or cause to be filled, sold or caused to be sold, disposed of or caused to be disposed of, bought or caused to be bought with the intent to defraud the owner or owners thereof, trafficked in or caused to be trafficked in, wantonly destroyed or caused to be wantonly destroyed; and a fine of $5 for every subsequent offense as herein defined, such fines to be recovered and enforced as other fines

State *v.* Barnett.

are now recovered and enforced by law. All fines so recovered when collected, shall be paid over to the school fund."

It is clear that an indictment under said section would not be sufficient if, after charging that appellee bought bottles of the kind mentioned in said section with intent to defraud the owner thereof, it failed to allege facts showing that the owner of said bottles had, before said purchase, fully complied with all the requirements of §1 of said act (§8678 Burns 1901). Gillett, Crim. Law (2d ed.), 135. Said §8678 reads as follows: "That any person, company, firm, corporation, or association, foreign or domestic, engaged in the business of manufacturing, bottling or selling mineral water either natural or artificial, cider, ale, beer, ginger pop, soda water, distilled water, ginger ale, seltzer water and other beverages, also fermented liquors, by law allowed to be sold in bottles or siphons, upon which his, their or its initials, name or names, mark or marks, trade-mark or marks shall be respectively impressed, stamped or marked or blown into, for the purpose of protecting the ownership of such bottles or siphons, may file in the office of the clerk of the circuit court of the county in this State in which is situated the principal office or place of business of such person, company, firm, corporation or association, or in any other county where such person, company, firm, corporation or association, has or have an established agency or office, for the purpose of carrying on his, their or its business as aforesaid, a written description of the initials, name or names, trade-mark or trade-marks impressed, stamped or marked upon, or blown into, the body of the bottles or siphons used by such person, company, firm, corporation or association in the business of manufacturing, bottling or selling mineral water and the other products before mentioned herein; such description must be recorded in said clerk's office in a book provided therefor, and the clerk shall receive the sum of $1 for recording the same; said clerk

State *v.* Barnett.

must cause a certified copy of such description to be published for not less than two weeks successively in a daily or weekly newspaper of general circulation published in the county where said description is recorded, or if none such is published, then in any weekly newspaper of general circulation published nearest to said county, and an affidavit of the publisher or his principal foreman stating the facts of such publication, shall be sufficient proof of such publication in any court in this State. Such description must also be filed in the office of the Secretary of State, and be by him recorded, and such Secretary shall receive a fee of $2 for such recording."

The indictment in this case was returned by the grand jury on February 14, 1901, and it is alleged therein that the offense was committed on February 14, 1901, in Marion county, Indiana. The filing, recording, and publication of the description mentioned in said section are alleged as follows: "The said Patrick W. Ward having then and there and theretofore * * * filed with the clerk of the circuit court of Marion county, in the State of Indiana, a written description * * * and which said description was recorded by said clerk of the circuit court of Marion county, in the State of Indiana, in a book provided therefor. * * * And the said clerk of said circuit court of Marion county, Indiana, then and there caused a certified copy of such description to be published for not less than two weeks in 'The Daily Reporter' a daily newspaper of general circulation printed and published in said county and State. * * * Such description * * * was then and there also filed in the office of the Secretary of State of the State of Indiana, and such description was by said Secretary of State then and there recorded."

The rule is that when an act is done and time and place alleged, and it is averred that then and there another act occurred, and other acts are alleged in the same manner, this necessarily imports that all the acts were coexistent,

that they occurred at the same time.   The word "then" refers to a precise time.   *Edwards* v. *Commonwealth,* 19 Pick. 124, 126; *Commonwealth* v. *Butterick,* 100 Mass. 12, 16, 17, 97 Am. Dec. 65; *State* v. *Cunningham,* 116 Ind. 209, 213; *State* v. *Cotton,* 24 N. H. 143, 146; 25 Am. & Eng. Ency. Law, 1056; 10 Ency. Pl. & Pr., 519; Gillett, Crim. Law (2d ed.), 134, 135.

It is evident that if the words "then and there" only had been used in alleging the time of compliance with the provisions of said §1 of said act, the indictment would have been insufficient.   The use of only the words "then and there" would in effect have charged that the acts of compliance were done on the same day the offense was committed. If the said written description was filed and recorded on February 14, 1901, the day the offense was committed, the publication of the certified copy of said description for two weeks successively could not have been made before the offense charged here was committed.

It will be observed that in alleging the first act done, to comply with the provisions of said §1, the words "then and there and theretofore" are used, and that in alleging all other acts of compliance the words "then and there" are used.   But one filing is alleged with the clerk, and that is alleged to have been made "then and there and theretofore." This allegation is contradictory and leaves the time of such filing uncertain.   If appellee committed the acts charged before the owner of said bottles complied with all the requirements of §1 of said act, §5 of said act was not violated, and no offense was committed.   Said indictment was clearly insufficient, and charged no offense against appellee, even if said act is constitutional, for the reason that the allegations thereof do not show that the owner of said bottles had complied with all the requirements of said §1 before the acts charged against appellee were committed.

It is alleged that the written description was filed "with the clerk of the circuit court" and "recorded by the said

clerk of the circuit court * * * in a book provided therefor," and that "the said clerk * * * then and there caused a certified copy of such description to be published for not less than two weeks." Said §1 requires that said description be filed "in the *office* of the clerk of the circuit court" and "recorded in said *clerk's office* in a book provided therefor," and that "a certified copy of such description be published for not less than two weeks *successively*." As the indictment is bad for the reasons given, it is unnecessary to consider the sufficiency of the said allegations concerning the place of filing said description and the length of time of its publication.

It is evident that the constitutionality of said act of 1897, pp. 313-316, §§8678-8680c Burns 1901, is not presented by this appeal, within the meaning of said §8, *supra.* State v. *Wright, ante,* 394; *Standish* v. *Bridgewater, ante,* 386.

Appeal dismissed.