### STATE *vs.* JOSEPH MILLER.

#### PROVIDENCE—JUNE 30, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Indictments. Perjury.*

Gen. Laws cap. 285, § 5, provides that "In every indictment for perjury it shall be sufficient to set forth the substance of the offence charged upon the defendant and by what court or before whom the oath or affirmation was taken, averring such court or person to have had competent authority to administer the same, together with the proper averment or averments to falsify the matter wherein the perjury is assigned, without setting forth any part of any record or proceeding . . . [or] the authority of the court or person":—

*Held*, that an indictment that set out that a certain issue was duly joined between certain parties in a certain plea of trespass on the case and that it came on to be tried and was tried in due form of law, and that certain testimony therein particularly specified given by defendant in the course of the trial was knowingly and willfully false, sufficiently charged defendant with the crime of perjury.

(2) *Perjury. Common-Law and Statutory Offence.*

Gen. Laws cap. 276, § 1, provides that "Every person of whom an oath or affirmation is or shall be required by law, who shall willfully swear or affirm falsely in regard to any matter or thing respecting which such oath or affirmation is or shall be required shall be deemed guilty of perjury":—

*Held*, that a statutory crime of perjury was created, broader in scope than the common-law offence.

*Held*, further, that, by the statute any willfully false swearing in judicial proceedings was made perjury, regardless of the question of the materiality to the issue.

(3) *Perjury. Materiality of Testimony.*

Any testimony which is relevant in the trial of a given case is so far material to the issue as to render a witness who knowingly and willfully falsifies it guilty of the crime of perjury, and the degree of materiality is of no importance.

INDICTMENT charging perjury. Heard on demurrer to indictment, and demurrer overruled.

TILLINGHAST, J. This is an indictment for perjury.

It charges, in substance, that the defendant appeared as a witness for the plaintiff in the case of *James H. Benson* v. *The N. Y., N. H. & H. R. R. Co.*, and was duly sworn to testify the truth, the whole truth, and nothing but the truth, touching the matters in issue in the trial of that case, and that upon trial thereof it became material to inquire whether one Elisha R. Potter, a claim agent for the defendant, had on a certain day, viz., on the tenth day of November, 1902, gone to see said Joseph Miller and had asked him to keep away from the court in which said case was then on trial, and had offered him the sum of fifty dollars.

The indictment then alleges that said Joseph Miller falsely, willfully, and corruptly testified that on the day in question said Potter did come to see him, and asked him if he would not keep away from said court, and offered him fifty dollars. Whereas, in truth and in fact said Miller well knew that

Elisha R. Potter did not go to see him on said day and did not ask him to keep away from said court and did not offer him the sum of fifty dollars.

To this indictment the defendant has demurred, on the grounds, (1) That it does not sufficiently and certainly set out any offence under the laws of this State and (2); that it does not charge any offence with sufficient clearness and certainty to answer the requirements of the law.

(1)     The first specific objection to the indictment which defendant's counsel makes under this demurrer is that the issue which was on trial in the case referred to is not sufficiently described. "It is not further described," he says, "than by a certain plea of trespass on the case." And he argues that the indictment does not show whether the issue was in trover, negligence, deceit, or any other of the various forms of trespass on the case, such as from the nature of the case itself, the facts constituting the alleged false oath might, upon their face, appear to be material thereto or otherwise.

The indictment sets out that a certain issue was duly joined between the parties to the action referred to in a certain plea of trespass on the case, and that it came on to be tried and was tried in due form of law; and that certain testimony therein particularly specified, given by this defendant in the course of that trial was knowingly and willfully false. We think this was clearly sufficient to charge the defendant with the crime of perjury.

Gen. Laws R. I. cap. 285, § 5, reads as follows: "In every indictment for perjury, or subornation of perjury, or incitement to perjury, it shall be sufficient to set forth the substance of the offence charged upon the defendant, and by what court or before whom the oath or affirmation was taken, averring such court or person to have had competent authority to administer the same, together with the proper averment or averments to falsify the matter wherein the perjury is assigned, without setting forth any part of any record or proceeding, either in law or equity, other than as aforesaid, and without setting forth the commission or authority of the court, or person or persons

before whom the perjury was committed, or was agreed, or promised, or procured, or incited to be committed."

Every requirement of this statute in so far as it is pertinent to the indictment before us, has been fully complied with; and hence, in so far as the form thereof is brought in question, we do not think it is open to the objection above made. See *State* v. *Terline*, 23 R. I. 530, as to the effect of said statute.

(2)　　　The second objection which counsel makes is that the testimony given by the defendant at the trial of the case referred to was not material to the issue therein, and hence, even though willfully false, was not perjury.

Gen. Laws R. I. cap. 276, § 1, provides that: "Every person of whom an oath or affirmation is or shall be required by law, who shall willfully swear or affirm falsely in regard to any matter or thing respecting which such oath or affirmation is or shall be required, shall be deemed guilty of perjury."

This language is very broad and comprehensive, and clearly indicates the intent of the legislature to enlarge the scope of the crime of perjury, as it exists at common law, and to make any willfully false swearing in judicial proceedings perjury, regardless of the question of its materiality to the issue; that is, in effect, to make it a statutory offence. See *State* v. *Tourjee*, 26 R. I. 234.

It will be observed that there is nothing in the statute just quoted to the effect that the false swearing denounced therein shall be material to the issue in order to make it perjury, but that it is enough if the person shall willfully swear falsely *in regard to any matter or thing respecting which the oath shall be required.*

This would seem to be as clear and comprehensive as language could make it, and it leaves no room for construction.

A similar statute of South Carolina, passed in 1833, was held to dispense with the necessity of alleging that the false swearing was material to the issue. *State* v. *Byrd*, 28 S. C. 18. See also *Com.* v. *Maynard*, 91 Ky. 131; *Milstead* v. *Com.* 51. S. W. Rep. 451.

Under Gen. Laws R. I. cap. 252, § 26: "Every person who shall willfully swear falsely to any statement in an affidavit

made by him, by means of which affidavit a writ of arrest or attachment shall have issued and been served by arrest or attachment, shall be deemed guilty of perjury."

This statute also shows the intent of the legislature to enlarge the common-law crime of perjury and make it a statutory offence.

(3)   But as the indictment before us does allege that the matter inquired about was material to the issue in the case referred to therein, we will now consider whether said matter was material thereto.

The ordinary test of materiality is whether the testimony given could have probably influenced the tribunal before whom the case was being tried, upon the issue involved therein. If it tended to do so, it was material; and the degree of materiality is of no importance.   For, as said by the court in *Rahm* v. *The State*, 30 Tex. App. 310: "If it be material to a single fact, it is sufficient."   It need not be directly and immediately material, as, for instance, that the witness saw the transaction in question, or that he heard the defendant make an admission relative thereto; "but it is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact, by giving weight or probability to the testimony of the witness testifying thereto, or otherwise." A. & E. Ency. Law, vol. 22, 2d ed. 687, and cases in note 3.

To state it differently, we think it may be laid down as a general rule that any testimony which is relevant in the trial of a given case is so far material to the issue as to render a witness who knowingly and willfully falsifies in giving it guilty of the crime of perjury.   To illustrate: Suppose a witness knowingly makes false statements as to the credibility of another witness.   Such false statements, while affecting only a collateral issue in the case, are held to amount to perjury.   In other words, the degree of materiality is of no importance; for, if the testimony tends to prove the matter in hand, it is enough, though it be but circumstantial.   Greenl. Ev. 13th ed. vol. 3, § 195; *Com.* v. *Pollard*, 12 Met. 225.

Thus in *Rex* v. *Griepe*, 1 Ld. Raym. 256. it was said: "That it is not necessary. to appear in an information for perjury to

what degree the point in which the man is perjured was material to the issue, for if it is but circumstantially material, it will be perjury. . . . So if a witness swears to the credit of another witness, if it be false, it will be perjury, if it conduces to the proof of the point in issue." To the same effect is the rule laid down in *Wood* v. *The People,* 59 N. Y. 117; *People* v. *Barry,* 63 Cal. 62; *State* v. *Sutton,* 147 Ind. 158.

In *People* v. *Courtney,* 94 N. Y. 490, Andrews, J., in delivering the opinion of the court, said: "Evidence going to the credit of a witness who has given material evidence is relevant, because it helps the jury in determining the main issue. The recent cases sustain the view that perjury may be assigned upon false testimony going to the credit of the witness. . . . False swearing in respect to such matter is not distinguishable in respect to moral turpitude, from false swearing upon the merits, and we think there is no just reason for refusing to treat false swearing as perjury, whenever the testimony is relevant to the case, although it may not directly bear upon the issue to be found."

In *State of Kansas* v. *Park,* 57 Kans. 431, it is held that the false answer of a defendant, who became a witness in his own behalf in a criminal prosecution, that he had never been convicted of a certain felony, was material, and that it affected his credibility, and perjury can be predicated thereon.

In the case at bar the indictment alleges that it became material in the trial of the civil case referred to therein to inquire whether said Elisha R. Potter had attempted to keep this defendant from testifying therein by offering him fifty dollars if he would keep away from the court.

That this testimony was relevant, under the rule above stated, there can be no doubt. Its tendency clearly was to show that the defendant in that case had been guilty of using unlawful and corrupt means to prevent the plaintiff from having the benefit of the testimony of this defendant therein, and hence it was of such a character as to throw discredit not only upon the witness Potter, but also upon the general defence set up therein. It was also clearly of such a character as to influence the jury before whom the case was tried. And

that such testimony, if willfully false, was perjury under our statute seems to us to be very clear.

We have examined the numerous cases cited by counsel for defendant, but do not find that, in so far as they relate to statutory perjury, at any rate, they announce any materially different doctrine from that above stated. And whether the indictment would be sufficient to charge the common-law crime of perjury we are not called upon to determine.

The demurrer is overruled, and case remanded for further proceedings.

*Charles F. Stearns, Attorney-General,* for State.
*John W. Hogan and Philip S. Knauer,* for defendant.