## STATE OF INDIANA *v*. DUNN.

[No. 25,762.   Filed February 23, 1932.]

ROLL, J.—Appellee was indicted for the crime of perjury by the grand jury of Marion County, which was returned in Marion Criminal Court. Appellee filed a plea in abatement in two paragraphs, to which a demurrer thereto was sustained. An amended plea in abatement in two paragraphs was filed, to which appellant filed a demurrer, which was sustained by the court. Appellee filed a motion to quash the indictment on the grounds: (1) That it did not state facts sufficient to constitute a public offense; (2) that it did not show authority of the court to inquire into the qualifications of appellee to hold office of county councilman; (3) that it did not state the offense with sufficient certainty.

The court sustained appellee's motion to quash the indictment, to which ruling appellant excepted and refused to plead further, and the court rendered judgment to the effect that appellee be released and discharged from further custody.

Appellant prayed an appeal and assigned as error the sustaining of appellee's motion to quash the indictment.

The indictment, omitting the caption and signature, is as follows: "The grand jurors for the County of Marion and State of Indiana, upon their oaths, present that Paul S. Dunn, on or about the 19th day of September, A. D. 1928, at and in the County of Marion and State aforesaid, before Byron K. Elliott, then and there judge of Superior Court, Room 4, in and for said county, the duly elected, qualified and commissioned judge of said Superior Court, Room 4, a certain hearing which was then and there had between one Frank J. McCain, plain-.

tiff, and one Harry Dunn, Auditor of Marion County, State of Indiana, as such Auditor, defendant, before the said Byron K. Elliott, as judge, in a certain action upon a complaint for temporary injunction, which sought to restrain the defendant, Harry Dunn, as Auditor of Marion County, Indiana, from executing and carrying into effect certain ordinances passed by the Marion County Council at their regular meeting on the 4th and 5th days of September, 1928, which action had before that time been commenced and was on said 19th day of September, A. D. 1928, then and there pending before the said Byron K. Elliott, as such judge, and then and there pending before said Marion Superior Court, and which issue was then and there in said court tried in due form of law, the said court then and there having competent authority in that behalf, and that said cause and issue was then and there tried before the said Byron K. Elliott, judge of said Marion Superior Court, Room 4, as aforesaid, upon which said trial said Paul S. Dunn, then and there appeared as a voluntary witness for and on behalf of the said Harry Dunn, Auditor of Marion County, Indiana, as such, the defendant in said case, as aforesaid, and was then and there duly sworn and took his corporal oath before said court, which said oath was then and there administered to the said Paul S. Dunn by one William T. Kleinhelter, who was then and there the regularly appointed deputy clerk of the Marion Circuit Court, duly qualified and acting as such in and for the Marion Superior Court, Room 4, the said court and the said William T. Kleinhelter then and there having competent authority in that behalf; that the evidence which he, the said Paul S. Dunn should give to the court and touching the matters then in question between the said parties should be the truth, the whole truth, and nothing but the truth, and at and upon the trial of said issue so joined between said parties, as aforesaid, it then

and there became a material question whether the said Paul S. Dunn owned real estate located or situated in either Washington or Lawrence Townships in Marion County, Indiana, continuously from November 23, 1926, to September 19, 1928, inclusive, and including the 4th and 5th days of September, 1928, as aforesaid, and that said matters were material to the point in question, and the said Paul S. Dunn then and there, upon the trial of said issue, upon his oath aforesaid, feloniously, wilfully, corruptly and falsely, before said court aforesaid, on said 19th day of September, A. D. 1928, in said Marion Superior Court, Room 4, of Marion County, State of Indiana, did depose and swear upon direct examination at said time and place and in said cause, in substance and to the effect following: that is to say, that he, the said Paul S. Dunn, was on the 19th day of September, A. D. 1928, the owner of real estate located and situated in Lawrence Township in Marion County, Indiana; that he had a deed for said real estate; that he became the owner of said real estate on the 7th day of October, 1925; that he owned said real estate continuously from said 7th day of October, 1925, to and including the 19th day of September, 1928; that on said 7th day of October, 1925, he received a deed for said real estate from one James M. Morris and Mary K. Morris, husband and wife, which deed was introduced and received in evidence by said court in said trial on said 19th day of September, A. D. 1928; and that they were the grantors in said deed; and that said deed so received and introduced in evidence from said James M. Morris and Mary K. Morris, as aforesaid, was in words and figures as follows, to wit:

' "Warranty Deed. Defendant's Exhibit No. A. Gertrude Flowers Official Reporter. This Indenture Witnesseth, That James M. Morris and Mary K. Morris of Marion County, in the State of Indiana, Convey and

Warrant to Paul S. Dunn of Marion County, in the State of Indiana for and in consideration of One Dollar and other valuable considerations, the receipt whereof is hereby acknowledged, the following described real estate in County of Marion in the State of Indiana, to wit:

' "Lot numbered one hundred sixty-six (166) and one hundred sixty-seven (167) in the Amended Plat of Wilmington Park, an addition to the town of Lawrence, according to the plat thereof as recorded in Platbook No. 15, on page 94, in the office of the Recorder of Marion County, Indiana. This conveyance is made subject to a certain mortgage to the Lawrence State Bank, also subject to all unpaid taxes.

' "The above referred to mortgage covers this and other real estate and it is hereby agreed between parties that upon payment of five hundred ($500.00) dollars, the said lots 166 and 167 will be released from said mortgage.

' "In Witness Whereof, The said James M. Morris and Mary K. Morris have hereunto set their hands and seals, this seventh day of October, 1925.

' " (Seal)    James M. Morris    (Seal)
' " (Seal)    Mary K. Morris    (Seal)
' " (Seal)    ————————    (Seal)

' "State of Indiana, Marion County, ss: Before me, the undersigned, a Notary Public in and for said County and State, this seventh day of October, A. D. 1925, personally appeared the within named James M. Morris and Mary K. Morris, grantors in the above conveyance, and acknowledged the same to be their voluntary act and deed, for the uses and purposes herein mentioned. In Witness Whereof, I have hereunto subscribed my name and affixed my official seal. My commission expires March 1, 1926. Harvey J. Day, Notary Public. [NOTARY PUBLIC SEAL OF INDIANA.]

' "State of Indiana, ——— County, ss: Before me,

the undersigned a Notary Public in and for said County and State, this —— day of ——, A. D. 19—, personally appeared the within named —— grantor —— in the above conveyance, and acknowledged the same to be —— voluntary act and deed, for the uses and purposes herein mentioned. In Witness Whereof, I have hereunto subscribed my name and affixed my official seal. My commission expires ——.

' "——————, Notary Public.

' "Warranty Deed from James M. Morris, et al. to Paul S. Dunn, received for record this —— day of ——, 19—, at —— o'clock —M—, and Recorded in Book No. ——, page ——. ——, Recorder, —— County. Duly entered for taxation this —— day of ——, 19—. Auditor's fee $——. ——, Auditor —— County.'

"That the real estate so owned and held by him as described in said deed and for which he received said deed from said James M. Morris and Mary K. Morris, as aforesaid, was located in Lawrence Township, Marion County, Indiana; that he owned said real estate on the 4th and 5th days of September, A. D. 1928.

"And the said Paul S. Dunn then and there on the 19th day of September, A. D. 1928, upon the trial of said issue, upon his oath aforesaid, feloniously, wilfully, corruptly and falsely, before said court aforesaid, did depose and swear upon cross-examination in said cause then and there, in substance and to the effect following: that is to say, that he, the said Paul S. Dunn, paid as the consideration for said real estate as aforesaid, on the 7th day of October, 1925, the sum of Five Hundred and Fifty Dollars ($550.00); that said Five Hundred and Fifty Dollars ($550.00) was the total price paid therefor; that Fifty Dollars ($50.00) of said price or consideration was paid in cash by the said Paul S. Dunn to the said James M. Morris on the 7th day of October, 1925; that he, the said Paul S. Dunn on said 7th day

of October, 1925, assumed a mortgage on said real estate in the amount of Five Hundred Dollars ($500.00) ; that he paid said Fifty Dollars ($50.00) on October 7, 1925 to said James M. Morris in cash; that he has paid the interest on said mortgage each and every year from and after the 7th day of October, 1925, to the said James M. Morris; that he has paid the taxes amounting to three or four dollars and some odd cents upon said real estate for each and every year from and after the said 7th day of October, A. D. 1925, to the said James M. Morris; that he has always made said payments for taxes, as aforesaid, to the said James M. Morris in cash; that he, the said Paul S. Dunn, has been in constant possession of said deed to said real estate, as aforesaid, continuously since October 7, 1925; that all of said testimonies given on direct and cross examination aforesaid, were material to the point in question; whereas, in truth and in fact, said Paul S. Dunn well knew that he did not, on or about the 7th day of October, A. D. 1925, purchase said real estate from said James M. Morris and Mary K. Morris as aforesaid, and did not, on said 7th day of October, A. D. 1925, receive from said James M. Morris and Mary K. Morris a deed for said property hereinbefore described, and did not, on said 7th day of October, A. D. 1925, receive from said James M. Morris and Mary K. Morris, or either of them, the deed introduced in evidence and hereinabove set out, and did not pay to said James M. Morris on said 7th day of October, A. D. 1925, or at any other time, Fifty Dollars ($50.00) in cash for said real estate, and did not at any time between the 7th day of October, A. D. 1925, and the 19th day of September, A. D. 1928, or at any other time, pay to said James M. Morris any money for interest due on said mortgage, and did not at any time between the 7th day of October, A. D. 1925, and the 19th day of September, A. D. 1928, inclusive, or at any other time, pay to

the said James M. Morris, or to any one else, the taxes on said real estate, and did not on the 7th day of October, A. D. 1925, assume a mortgage of Five Hundred Dollars ($500.00) on said real estate; and that the said Paul S. Dunn was not the owner of said real estate mentioned and described in said deed on the 4th and 5th days of September, A. D. 1928, or at any time prior thereto; and that the said Paul S. Dunn did not receive from said James M. Morris and Mary K. Morris said deed until on or about the 19th day of September, A. D. 1928; that said deed was not made, executed or delivered to the said Paul S. Dunn by said James M. Morris, and Mary K. Morris until on or about the 19th day of September, A. D. 1928. And so the grand jurors aforesaid, upon their oaths aforesaid, say that the said Paul S. Dunn upon the 19th day of September, A. D. 1928, at and in the County of Marion, State of Indiana, before Byron K. Elliott, judge of the Marion Superior Court, Room 4, aforesaid, upon the trial in the Marion Superior Court, Room 4, of Marion County, State of Indiana, aforesaid, did in manner and form aforesaid, feloniously, wilfully, corruptly, and falsely commit willful and corrupt perjury, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellee contends that the lower court did not err in sustaining his motion to quash for the reason that the indictment shows on its face that the testimony alleged to be false was not material to the point in question. Section 2576 Burns Supp. 1929, Acts 1927 p. 580, reads as follows:

"Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm wilfully, corruptly and falsely touching a matter material to the point in question, shall

be deemed guilty of perjury, and, on conviction, shall be imprisoned in the state prison for not less than one nor more than ten years."

It is well settled that false swearing in the trial of a case is not necessarily perjury within the meaning of the above statute. The false statement must be material to the point in question. *State* v. *Cunningham* (1888), 116 Ind. 209, 18 N. E. 613; *State* v. *Reynolds* (1886), 108 Ind. 353, 9 N. E. 287; *State* v. *Wilson* (1901), 156 Ind. 343, 59 N. E. 932; *State* v. *Turley* (1899), 153 Ind. 345, 55 N. E. 30; *State* v. *Sutton* (1897), 147 Ind. 158, 46 N. E. 468. In the late case of *State* v. *Kellis* (1923), 193 Ind. 619 at p. 622, 141 N. E. 337, the court said: "Furthermore, the testimony must not only be wilfully false, but it must touch, 'a matter material to the point in question.' So, we may say, if the testimony alleged to be false is of no importance and immaterial, however false, it cannot be made the basis for a charge of perjury, for the reason that it would not touch the point in question. Hence, it is necessary for the state to allege and prove, in cases of the class under consideration, that the testimony or the matter sworn to was material." It is also well settled in this state that the materiality may be pleaded by a general averment, or it may appear from the facts alleged. *State* v. *Kellis, supra; State* v. *Wilson, supra; State* v. *Turley, supra; State* v. *Sutton, supra; State* v. *Cunningham, supra; State* v. *Flagg* (1865), 25 Ind. 243.

If the alleged false testimony of appellee was material to the point in question, and is so shown by the averments of the indictment, the motion to quash should have been overruled. But, on the other hand, if the facts alleged show that the alleged false testimony is not material to the point in question, the court did not err in the rulings. It is alleged in the indictment that "it

then and there became a material question whether the said Paul S. Dunn owned real estate located or situated in either Washington or Lawrence townships in Marion County, Indiana, continuously from November 23, 1926 to September 19, 1928, inclusive, and including the 4th and 5th days of September, 1928, as aforesaid and that said matters were *material to the point in question."* (Our italics.) It is further alleged in the indictment, after stating that the said Paul S. Dunn testified on cross-examination that he paid a certain amount for the real estate, and that it was paid in a certain manner, and that he paid taxes thereon, and that he was in constant possession of the real estate since October 7, 1925, "that all of said testimony given on direct and cross-examination aforesaid were *material to the point in question."* (Our italics.)

The indictment is not subject to the defect complained of by appellee, namely, that it is not shown that the false testimony was material to the point in question, as it is alleged by a general averment that the false testimony *was* material to the point in question. This is a general averment, and, under the authorities above cited, is sufficient, unless the facts alleged in the indictment show, as a matter of law, that the testimony alleged to have been false was not material to the issue. Appellee contends that this is true, for the substance of his points and authorities as set out in his brief says that it was immaterial in the suit by McCain against Harry Dunn for an injunction whether Paul S. Dunn owned real estate in Lawrence or Washington township, Marion County, Indiana or not, for the reason that an attempt to show that Paul S. Dunn was not a freeholder would be a collateral attack upon his title to the office of county councilman. We assume from appellee's brief that Paul S. Dunn was a member of the county council of Marion County, and that the evidence

was introduced for the purpose of showing that Paul S. Dunn was not legally a member of the county council, for the reason that he was not, at the time of his election nor at any time since, including the date of alleged false swearing, a freeholder. This may all be true, but there is nothing in the indictment which discloses any such facts, either that Paul S. Dunn was a member of the Marion County Council, or that the testimony was offered as a collateral attack upon his title to said office. Upon a motion to quash, we can only look to matters that appear on the face of the indictment. *Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209; *Jackson* v. *State* (1918), 187 Ind. 694, 121 N. E. 114; *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996. The facts pleaded in the indictment do not show that the alleged false testimony was not material to the issue; the general averment that it was material to the point in question renders the indictment good as against a motion to quash. The court erred in sustaining appellee's motion to quash the indictment.

Appellee attempts to assign cross errors, based upon the courts' ruling in sustaining appellant's demurrer to his amended plea in abatement, but no assignment of cross-errors appear on the transcript, and therefore no error is presented to this court; *Dutton* v. *Dutton* (1868), 30 Ind. 452; *Merchants Nat. Bank* v. *Delaware School Tp.* (1916), 185 Ind. 658, 114 N. E. 450.

Judgment reversed, with instructions to the lower court to overrule the motion to quash and to proceed with the case.

Travis, J., absent.

Martin, J., not participating.