## No. 28212

**The People of the State of Colorado v. Jerry Francois**

(598 P.2d 144)

Decided August 7, 1979.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

The People bring this appeal pursuant to section 16-12-102, C.R.S. 1973 (1978 Repl. Vol. 8) upon a question of law. The People assert as

error the trial court's instruction to the jury which made materiality an element of the crime of tampering with a witness. Section 18-8-605(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8). We agree with the People and therefore disapprove the instruction given by the trial court.

Defendant was a party in a civil trial for breach of contract. He requested a potential witness in the civil trial not to mention any sexual intimacies which had occurred between himself and the witness. Thereafter, defendant was charged with tampering with a witness, section 18-8-605(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8), which reads in pertinent part: "(1)   A person commits tampering with a witness if he intentionally attempts without bribery or threats to induce a witness or a person he believes is to be called as a witness in any official proceeding to:
"(a)   Testify falsely or unlawfully withhold any testimony . . . ."
A jury found defendant not guilty of the charge.

The trial court instructed the jury, over the prosecution's objection, ". . . that the words unlawfully withhold any testimony, means and is defined as the withholding of testimony which is material, relevant and competent."

In support of its instruction, the court reasoned that the tampering-with-a-witness statute had its genesis in the crime once known as subornation of perjury (C.R.S. 1963, 40-7-1), which required that the false testimony to be given be material to the "issue or point in question." Also, the court was of the opinion that absent an element of materiality the statute would unduly thwart lawyers, parties and investigators when interviewing any probable adverse witness. We do not agree with the court's conclusions.

Contrary to the court's basic premise, the tampering-with-a-witness statute does not have its genesis in subornation of perjury. Rather, the statute is derived from Model Penal Code § 241.6 entitled "Tampering With Witnesses and Informants; Retaliation Against Them." The drafters of the Model Penal Code considered subornation of perjury to be a superfluous restatement of accomplice liability and proposed that persons accused of conduct amounting to subornation of perjury be prosecuted under the accomplice and solicitation statutes. *See* Model Penal Code § 208.20, Comment (Tent. Draft No. 6, 1957); *see also* Final Report of the National Commission of Reform of Federal Criminal Law § 1351, Comment p. 129 (1971).

The tampering-with-a-witness statute defines a new statutory crime. The legislature, in adopting the criminal code, was well aware of the common law element of materiality which it included in the perjury and perjury-related offenses (see sections 18-8-502 and 503, C.R.S. 1973 (1978 Repl. Vol. 8), defining perjury in the first and second degree, and section 18-8-504, C.R.S. 1973 (1978 Repl. Vol. 8), defining false swearing). It was the legislature's prerogative to define the statutorily

created crime of tampering with a witness as it did. It is not for this court to read into the statute the additional element of materiality.[1] *See State v. Miller,* 26 R.I. 282, 58 A. 882 (1904) (court refused to inject materiality into perjury statute).[2]

■ We hold, therefore, that the trial court's instruction injecting the element of materiality into the tampering-with-a-witness statute was improper and is expressly disapproved.

CHIEF JUSTICE HODGES, JUSTICE ERICKSON and JUSTICE ROVIRA do not participate.

---

[1] Whether the common law element of materiality should be given continued vitality in modern codifications of perjury and perjury-related statutes has been seriously questioned. One reason is that the element has meant immunity for many witnesses who have wilfully given false evidence in court. *See* Prefatory Note, Model Act on Perjury 6 (1952), promulgated by the National Conference of Commissioners on Uniform State Laws.

[2] Furthermore, we cannot envision how the absence of the materiality requirement would thwart the interviewing of adverse witnesses. In fact, its absence instead may thwart any tendency of interviewers to recommend the withholding of evidence which at first blush appears trivial, but may later prove determinative. Moreover, we note that it would not be violative of the tampering-with-a-witness statute, for example, to persuade a witness to lawfully refuse to testify on grounds of personal privilege.