**Gerald W. BIVINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 06S00–9105–DP–401.

Supreme Court of Indiana.

May 26, 1995.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

### DISSENT FROM DENIAL OF REHEARING

SHEPARD, Chief Justice.

In affirming this death penalty case, *Bivins v. State* (1994), Ind., 642 N.E.2d 928, a majority of the Court declared that the Indiana Bill of Rights prohibited allowing the widow of Bivins' victim to speak just twelve lines about the impact of Bivins' crime.

Appellant has challenged this evidence on two grounds, one statutory and one constitutional. This Court held for appellant on constitutional grounds without resolving the statutory claim he presented. In doing so, the majority passed over our long-standing rule that constitutional issues are not addressed unless the other grounds for resolving the case are decided first. *Superior Const. Co. v. Carr* (1990), Ind., 564 N.E.2d 281; *State v. Barnett* (1902), 159 Ind. 432, 65 N.E. 515; *Hoover v. Wood* (1857), 9 Ind. 286.

Thus, I would grant rehearing in this case to address the question identified by Justice Sullivan when the matter was before us initially: the extent to which the Indiana Code permits or prohibits admission of victim impact evidence.

I note in closing that the constitutional declaration in this case seems particularly unnecessary because that declaration simply asserts that the constitution allows consideration of only those aggravating circumstances listed in the statute. Thus, the General Assembly is presumably capable of meeting this "newly declared constitutional rule," *Bivins*, 642 N.E.2d at 956, simply by amending the death penalty statute to include consideration of victims.

I therefore vote to grant the State's petition for rehearing.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., vote to deny the State's petition.

All Justices vote to deny BIVINS' petition for rehearing.