## Dutton *v.* Dutton and Another.

HUSBAND AND WIFE.—*Separation.*—A parol agreement made between husband and wife in view of separation and fully executed on the part of the husband, wholly for a consideration which in the light of all the circumstances of the parties at the time the contract is made is fair, reasonable, and just, will be upheld in equity; and the intervention of a trustee is not necessary.

SAME.—*Agreement Pending Suit for Divorce.*—A wife agreed, pending a suit for divorce in which a judgment for alimony was rendered at the time a decree of divorce was granted, to take certain lands of the husband in satisfaction of such judgment, and the deed was made and delivered to the agent of the wife, authorized by her at the time of making the agreement to receive the same in satisfaction of the judgment.

*Held,* that it was not essential to the validity of the agreement that it should be ratified by the wife after judgment.

PRACTICE.—*Cross Errors.*—In order to receive the consideration of the Supreme Court, cross errors must be entered upon the transcript.

APPEAL from the Porter Common Pleas.

RAY, C. J.—The appellant brought this action against

Azuba Dutton, his former wife, and one Bartholomew, sheriff of Porter county, to enjoin a sale under an execution, and to secure satisfaction of the judgment upon which it was issued.

The complaint alleged, that the money judgment was rendered in favor of Azuba Dutton in an action brought by her for a divorce and alimony, in pursuance of an agreement between her and appellant, made "immediately before and after, on the same day" the judgment was rendered, that she would accept the conveyance by him of certain described lands, in full satisfaction of said judgment; and she authorized her attorney to receive such conveyance for her in full discharge of the same; that the deed was accordingly executed and delivered to her said attorney, and by him accepted in full satisfaction, and placed upon record; that notwithstanding the agreement, the said Azuba had caused execution to be issued on the judgment, and the sheriff had levied the same on the property of the appellant.

A demurrer was overruled to this complaint. The defendant answered in three paragraphs. First, in denial. A second paragraph was filed to which a demurrer was sustained.

The third paragraph of the answer alleges, that the judgment was rendered at the same time a decree of divorce was granted, and by said decree the appellee was entitled to the custody of three minor children, the issue of the marriage; that said judgment was rendered, in part, for the support of the children, and that she had no other means of support; and that since said time said Dutton has conveyed all his property, including said described lands, to the woman he has since married, with intent to cheat and defraud his creditors, and particularly the appellee and said minor children. To this paragraph the court overruled a demurrer. A denial was filed in reply to this paragraph.

On the trial, the appellant testified to the facts as stated in his complaint; fixing the value of the land conveyed at one thousand dollars; stating that at the date of the decree,

he had not sufficient property to pay his debts, and that after the judgment he had notified her that he had conveyed the land. The attorney who had brought the suit for a divorce for the appellee, stated that the agreement had been made between the parties in his presence, pending the proceedings in court; that after the appellant had stated the amount of his property, he had named the sum of one thousand dollars as a fair and reasonable amount; and that the appellant stated that he had no money, but would convey this land in satisfaction of that amount, and would pay all costs, and the fee of the appellee's attorney; that the appellee said she knew the land, and was satisfied to accept it; and that she then directed the deed to be made and delivered to the witness in discharge of the judgment to be rendered, which was done after judgment, and accepted by him, but he had neglected to enter satisfaction. Dutton had appeared, in accordance with the agreement, and consented to the judgment for alimony.

The appellee for herself testified, that part of the consideration for her agreement to receive the land in full for the judgment, was the promise of the appellant to re-marry her in the course of three weeks after the divorce should have been granted, and that in the interval he would induce another woman, who had been the cause of the separation between them, to leave the county; that she knew nothing about the value of the land.

The appellant asked the following among other charges: "That a parol agreement made between husband and wife in view of separation, and fully executed on the part of the husband, wholly for a consideration which, in the light of all the circumstances of the parties at the time the contract is made, is fair, reasonable, and just, the contract will be upheld."

This was refused and excepted to, and the court gave this instruction to the jury: "If the jury find that the agreement relied upon, for defendant to take the land mentioned in complaint, in satisfaction of the judgment mentioned, was

entered into before the judgment was rendered and during the pendency of the suit for divorce in which said judgment was rendered, and that the deed was made and delivered to the agent of Azuba Dutton, authorized at the time of entering into said agreement by her to receive the same in satisfaction of said judgment, they must find for said defendant, Azuba Dutton, unless they find that she ratified and consented to the same after the rendition of said judgment."

The giving of this instruction was excepted to. The finding was for the appellee.

We think the instruction asked fairly stated the law, and should have been given. In *Wilson* v. *Wilson*, 1 H. L. Cas. 538, it was unanimously held, "that the court of chancery exercises only its ordinary jurisdiction in giving effect to articles of separation between husband and wife, so far as they regard an arrangement of property agreed upon." When such agreements are fairly made and are reasonable and proper, they will be upheld in equity, and the intervention of a trustee is not necessary. *Thomas* v. *Brown*, 10 Ohio St. 247.

The instruction given by the court did not properly state the law. The case must be reversed.

Cross errors are assigned, but not upon, nor attached to, the record. We cannot consider them, as the statute requires they should be "entered upon the transcript." 2 G. & H. 275, sec. 568.

The judgment is reversed, with costs.

*F. Church*, *S. E. Perkins*, and *L. Jordan*, for appellant.

*T. J. Merrifield* and *W. H. Calkins*, for appellees.