## STEBBINS, APPELLANT, *v.* MORRIS, RESPONDENT.

[Submitted March 11, 1896.  Decided March 16, 1896.]

APPEAL—*Brief of disbarred attorney.*—The supreme court will decline to consider a brief filed by an attorney, who has been disbarred since the taking of the appeal.  (*Engesser v. Northern Pacific Railroad Co., ante,* page 31, cited.)

*Appeal from Ninth Judicial District,  Gallatin County.*

JUDGMENT was rendered for the defendant below by ARM-STRONG, J.    Affirmed with leave to reinstate.

Statement of the case  by the justice delivering the opinion.

This action is brought by the plaintiff and appellant for an accounting, and to recover moneys alleged to be due from the defendant and respondent under the terms of the following contract:

"This article and deed of separation, made and entered into this 20th day of June, A. D. 1885, by and between Robert O. Morris, husband, of Gallatin County, Montana territory, party of the first part, and Ellen M. Morris, wife, of the same county and territory, party of the second part, witnesseth: That, for and in consideration of the sum of one dollar, in hand paid by the said first party to the said second party, and other and divers considerations hereinafter mentioned, they have by these presents agreed, and by these presents do agree, for the rest of their natural lives, to live separate and apart from each other, and to renounce and surrender each to the other all of the marital rights.    And it is agreed and understood that the said first party is to pay to the said second party the sum of one hundred dollars on the 20th day of October, 1885, and the further sum of two hundred dollars on the 20th day of March, 1886.    And it is further agreed and understood,  by and between the parties hereto, that the party of the first part, or his agent, J. L. Morris, of McKeen county, Pennsylvania, or any other agent the said first party may here-

after select to act for him, shall pay to the said second party the one-half of the net proceeds arising from the sale of oil on what is known as the Morris homestead, in Bradford township, McKeen county, Pennsylvania, to the extent of the interest now owned by the said Robert O. Morris in the oil wells upon said land, the one-half of all the proceeds due the said first party arising from the sale of oil as aforesaid to be paid monthly, as often and immediately upon a sale of said oil being made, and as long as oil is produced upon the aforesaid tract of land. And it is further provided that the said first party shall have and make no claim for the services of the party of the second part, and shall not be liable for her support and maintenance, or for any debts hereafter contracted by her. That the said party of the second part agrees to release, and does hereby release, all claim of dower or other demands against the personal or real estate of the said party of the second part. In witness whereof the said parties have hereunto set their hands and seals the day and year first above written. [Signed] Robert O. Morris. [Seal.] Mrs. E. M. Morris. [Seal.]" Acknowledged according to the laws of the state of Montana.

On the 20th day of June, 1885, at the time the contract was entered into, the respondent and appellant were husband and wife. A divorce was granted to plaintiff on the same day, after the signing of the contract. The contract is attached to the complaint, and made a part thereof. The defendant filed a general demurrer to the complaint, alleging that the complaint did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the district court. The plaintiff elected to stand upon her complaint, whereupon judgment was entered for the respondent. Plaintiff appeals.

*Campbell & Stark*, for Respondent.

Hunt, J.—The appellant's side of this case has not been presented to the court, except by a short brief filed by E. P. Cadwell, who has been disbarred from practicing law in this state since this appeal was taken. We decline to consider this brief. (*Engesser* v. *Railroad Co.*, ante, p. 31.)

The respondent has presented his views by able argument and brief, contending that the agreement between the husband and wife, set forth in the statement of the case, is void, as against public policy, and because it was made directly between the husband and wife prior to the married woman's act of 1887. (Compiled St. 1887.) He cites many decisions to sustain his contention, but their reasoning is not altogether satisfactory to us upon the proposition that the whole contract is void.

It would seem to be correct that the bargaining for the separation is nugatory, under the weight of authority, upon the ground that marriage is a public institution as well as a private one, and those who have entered into the marital relations cannot, by mere consent and agreement, set aside that contract, or create a separation. But, from our original examination into the question, we are not satisfied that, where a husband and wife enter into articles of separation, apparently in good faith, in which the husband agrees to give the wife certain moneys and personal property by way of provision for her maintenance, and immediately thereafter they do separate, and he procures a divorce, the wife may not institute a suit for equitable relief, to have the husband carry out his contract to maintain her as provided for. The following authorities hold she may: Bish. Mar. Div. & Sep. §§ 1268–1312; *Bettle* v. *Wilson*, 14 Ohio, 257; *Calkins* v. *Long*, 22 Barb. 97. And it is held that such an agreement is valid, directly between husband and wife, without the intervention of a trustee; for equity will regard the husband as a trustee for the specific purpose of the agreement for maintenance. (*Com.* v. *Richards*, 131 Pa. St. 209, 18 Atl. 1007; *Hutton* v. *Hutton's Adm'r*, 3 Pa. St. 100; Schouler, Dom. Rel. (5th Ed.) § 218; *Dutton* v. *Dutton*, 30 Ind. 452.)

The question of legal and illegal conditions in agreements of separation is of more than usual importance, as reference to the books amply proves, and we hesitate to decide it for the first time in this state without the benefit of the aid of counsel for both sides.

.Its discussion has already occasioned "judicial confusion," according to Schouler, and, in our opinion, that confusion should not be increased nor decreased without very careful consideration. But, the appellant not being represented in this court by counsel or by brief which can be considered, the judgment of the district court will be affirmed.

If the appellant desires, in good faith, to present her case, she may, upon good cause to be shown to the court, move to reinstate her appeal within 60 days from the date hereof.

*Affirmed.*